FILED
United States Court of Appeals
Tenth Circuit

**May 21, 2012**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

CHARLES A. BURNETT,

            Plaintiff–Appellant,

v.

STATE OF KANSAS; JOHN
CALHOON, Sheriff, Atchison County
Jail; TRAVIS WRIGHT, Captain,
Atchison County Jail; FNU LNU (1),
Nurse, Atchison County Jail; FNU LNU
(2), Doctor, Atchison County Jail;
MARTIN ASHER, Judge, Atchison
County Courthouse; GERALD
KUCKELMAN, Prosecutor, Atchison
County Courthouse; TERRY KELLEY,
Detective, Atchison Police Station;
KURIS PAGE, Officer II, Atchison Police
Station,

            Defendants–Appellees.

Nos. 12-3014 & 12-3016

(D.C. Nos. 5:10-CV-03180-SAC &
5:10-CV-03194-SAC )

(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRISCOE**, Chief Judge, **McKAY,** and **HOLMES**, Circuit Judges.

_____

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of these

_____

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

consolidated appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

In separate appeals, which we consolidate for purposes of disposition, Plaintiff Charles A. Burnett, a pro se Kansas state prisoner, challenges dismissal of his 42 U.S.C. § 1983 prisoner complaints. In his complaints, Plaintiff alleged mistreatment during his pretrial confinement in the Atchison County jail. In the first complaint, Plaintiff alleged he was not provided adequate medical care, underwear, hygiene supplies, or legal resources; prison officials opened his mail; and officials compromised his safety by placing in his cell a prisoner who had allegedly robbed Plaintiff's home. Defendants in this first complaint are the county sheriff, a captain at the county jail, and an unidentified nurse and doctor at the county jail. Plaintiff's second complaint alleged violation of the Fourteenth Amendment on the basis of race by the State of Kansas and an Atchison County judge, prosecutor, detective, and police officer.

In both cases, the district court entered an order for Plaintiff to show cause why the complaints should not be dismissed for failure to state a claim. With regard to the first complaint, the district court concluded that "Plaintiff's disagreement with the medical care provided, and his charges of negligence and medical malpractice, do not plausibly support a finding of deliberate indifference by any defendant and thus are insufficient to state a cognizable constitutional claim." (No. 12-3014, R. at 55.) *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). As to the temporary lack of underwear and hygiene supplies, the district court held "the Eighth Amendment is not

implicated by mere allegations of discomfort or temporary adverse conditions posing no risk to a prisoner's health and safety." (No. 12-3014, R. at 57.) *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Regarding Plaintiff's complaint of being denied access to legal resources, the district court held the allegation insufficient to state a constitutional claim because Plaintiff was represented by counsel and showed no prejudice resulting from the denial of his request for legal materials. As for Plaintiff's mail, the district court held the isolated instance of Plaintiff's mail being opened was insufficient to establish a constitutional violation. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (single instance of opening prisoner mail, "without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access [] the courts, does not give rise to a constitutional violation"). Finally, concerning the placement of the alleged burglar in Plaintiff's cell, the district court held Plaintiff offered no evidence that Defendants acted with "obdurate and wanton disregard for an inmate's safety." *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992).

Concerning the second complaint, the district court, in its order to show cause, held Plaintiff's claims against the State of Kansas are barred by the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332 (1979). The district court further held Plaintiff's claims against the state judge are barred by absolute immunity. *Stump v. Sparkman*, 435 U.S. 349, 362-64 (1978). Similarly, the county prosecutor is also entitled to absolute immunity on decisions whether to prosecute. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). And as to the claims against the state police officers, the district court held

Plaintiff must first prove the conviction had been reversed on direct appeal in order to bring a § 1983 claim. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

After Plaintiff failed to make an adequate showing in response to the district court's orders to show cause, the district court dismissed both complaints. Plaintiff appealed. We agree with the district court's thorough orders and have nothing to add to the analysis therein.

For substantially the same reasons stated in the district court's orders to show cause and orders of dismissal, we **AFFIRM** the district court's dismissal of Plaintiff's § 1983 claims. We note the district court granted Plaintiff's motions to proceed *in forma pauperis* on appeal, and we remind Plaintiff of his obligation to continue making partial payments until his entire filing fee has been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge